May it please the Court, I'm Jackie Koch. I'm here on behalf of Plaintiffs' Appellants. And this is a rather narrow issue before the Court today, having to do with attorney's fees and whether or not the trial court erred when it declined to award Plaintiffs' Appellants' attorney fees after the case was remanded, after defendants removed it. What occurred essentially was that Plaintiffs filed their case four days before CAFA took effect and nonetheless Plaintiffs removed it. The trial court determined that under CAFA, the case commenced under Oregon law on the day that it was filed and therefore it should be sent back, which it was, but the Court determined that nonetheless Plaintiffs weren't entitled to any fees because defendants had a good faith belief that they could remove it. Plaintiffs disagree, believe that the Court erred in reaching that determination and ask this Court to reverse that and send it back to the trial court to determine the amount of fees. So under Martin, the question is, was it objectively or was it reasonably? Objectively reasonable, yes. When they removed it. When they removed it. Okay. So what was the argument that was made in response to the motion to remand? The defendant's argument? Yes. They argued that the case did not commence when it was filed, but that it commenced at a later date under a different statute. And the Court rejected that argument. Okay. What was so objectively unreasonable about that argument? Because the statute, well, from Appellant's point of view. Well, I mean, just, you know. From Appellant's point of view, because the statute defendant relied on does not assist in determining the date of commencement for purposes of the action commencing, it has to do with statute limitations. Now, from the definition of commencement in CAFA, or from the way commencement was used in CAFA, is that, was it clear at that time, it was just obvious at that time, that that was, that that argument was objectively just, just no reasonable lawyer would ever make that kind of argument? From the standpoint of there being precedent, no. From the standpoint of. Doesn't that just end the question? Excuse me? Doesn't that end the inquiry? If there's no existing precedent that foreclosed the argument, how can it be objectively unreasonable? I suppose because sometimes questions are fairly straightforward and such that you don't need to have precedent. But don't you want lawyers to be creative? I can't think of any question right off the bat where I could pose something that hasn't been decided by case law, but I have come across them in practice. I will look for a very simple proposition in the case law, cannot find one anywhere, and say, well, somebody must have decided that. And sometimes not, because it's just too obvious. So. I'm sorry I interrupted you. No, you were still answering the question. You can compare it to civil rights, and police officers are entitled to qualified immunity if there isn't any well-established authority on the issue. Why, by analogy, shouldn't that apply here when there's no binding authority? Don't you want attorneys to be creative in pushing the limits of the law? I suppose that, to some extent, that you do. However, in cases involving some issues, you want to be sure that you're not over-empowering attorneys where the ability to keep fighting, even when there's just one little trance that you might prevail, is really powered by who has the most money. So I guess it would depend. It would be difficult to decide where that line was drawn. And, of course, this isn't quite the situation as police officers, really, because what you're talking about here is whether or not there was a right to remove. And if there really wasn't, and it really should have been pretty clear to everybody that there wasn't, then you pay the cost of removal. We're not talking about everything in the universe, but just the cost of removal. It's not as if both sides don't get to pursue their substantive claims. So here we've got sort of a compound pair of glasses to look through, bifocals, as it were, because on the one hand, it has to be an objectively unreasonable basis for removal, but on the other hand, we're reviewing the district court's decision for abuse of discretion. So the district court, in a way, is the one who would be offended the most by an objectively unreasonable removal, because it is imposing on the district court's scarce resources. This district judge looked at what had happened, looked at the arguments that were made, and said, you know, it was an issue of first impression in my court. The Ninth Circuit hasn't ruled on it. Nobody's ruled on it at this point. It just wasn't unreasonable. So what's the error there? What is the legal error that would amount to an abuse of discretion? The legal error was the court determining that even in the absence of precedent that this was not objectively unreasonable. I hate trying to phrase everything in the negative. In other words, Your Honor, the law says that an action is commenced when you file. Everybody knew that the statute came later. There was simply no good reason to go to the Federal court and spend money to get this case removed and only to have it removed. Well, they lost. I mean, there's no question about that, and I suppose there's also very little question that they should have lost. And I guess that's where it comes down to. But the Supreme Court made it very clear that an automatic or per se rule, they rejected that, I mean, explicitly. That's what was at issue in Martin. And so just the fact that they lost can't be enough. I don't disagree. Yeah. I agree. That came out right. That came out right. I agree. That just the fact that you lose is not enough, and I don't, and that is not what I'm trying to say. It is not plain disposition that just because defendants lost that the court had to award attorney fees or at least look at them rather than just say, well, it's okay. It wasn't unreasonable. In other words, not simply that they lost, but the fact that they knew they were going to lose, that they should have known they were going to lose. I suppose everybody thinks they're going to win, but that it was so obvious that they should not have done it.  Would you like to save your remaining time? Yes. Thank you. Let's hear from Mr. Kono. May it please the Court. Good morning. Kevin Kono, four defendant, Dollar Tree Stores. The Court's questions of plaintiffs' appellants make clear to me at least that the Court fully understands the standard under which we're operating here. The Supreme Court in Martin made it very clear that it's abuse of discretion and instructed courts to look at really two factors in exercising their discretion to deny fees after remand. First, whether there exists an objectively reasonable basis. And then second, whether in any event there exists unusual circumstances that warrant and support a denial of fees. And as Judge Reimer's question indicates, here the district court did exactly what a district court is supposed to do under Martin. It looked at all the circumstances, the lack of any controlling precedent, the novel issues raised under CAFA, the fact that the term commencement was not defined in CAFA, the fact that Federal courts had grappled with the ---- Well, what's so ambiguous about commencement, the way it's written in CAFA? Well, because as Oregon's statutes indicate, there are two statutes ---- The amendments made by this Act shall apply to any civil action commenced on or after the date of enactment of this Act. Well, that raises the question, does commencement mean filing? Does it mean service? Does it mean filing and service within a particular time after filing? And it's particularly ambiguous in a state like Oregon where there are two statutes that govern when an action can be commenced. Well, at what level of generality are we supposed to look? Because I'm not sure what to infer from Judge Pius' question. But the Act doesn't define commencement itself. And other courts have recognized that there is some question about whether commencement occurs upon removal or prior to that. So there's some room there to argue ambiguity, it seems to me. But when you get to the Oregon regime, where is the wiggle room? Because it seems very clear under Rule 3 that an action is commenced when filed and that the other rule upon which you rely, whose number I don't remember, is a rule having to do with the statute of limitations. So what wiggle room did you have? And are we supposed to get the inquiry down to that level of specificity or not? Well, a couple parts to that question. It's not wholly dependent. The question is, what did Congress mean when it said commenced, that actions commenced on or after the effective date? And this Court has, subsequent to the remand order in this case, ruled that we look to state law for that question. Well, the parties in this case, before the district court, didn't dispute the fact that it turned on state law, right? That's correct. Okay, so never mind the CAFA thing. Okay, we're beyond that. And my question is, under Oregon law, what wiggle room did you have to make an argument that Rule 3 didn't apply? Sure. Well, there are two reasons why it's not so obvious that Rule 3 was the one that applied. The first is, only one of these two statutes, and it's ORS 12.020, deals with the timeliness of commencement of an action. You know, granted ORS 12.020 addresses the timeliness of commencement for purposes of determining whether the plaintiff has commenced an action and so as to avoid the application of the statute of limitations. CAFA's effective date imposes an analogous deadline by which the plaintiff had to timely commence an action to avoid the applicability of CAFA. Excuse me. So Dollar Tree made the creative but well-reasoned argument that Congress could have intended a statute like ORS 12.020 to apply. But there's a second reason why ORS 12.020 could apply here, and it's an argument that is unfortunately not in the briefs, but I think it's important to consider. And that is ORCP 32.0, which is part of Oregon's class action rule, provides that the statute of limitations is told for class members, quote, upon the commencement of an action asserting a class claim. And I have copies of ORCP 32 available if the Court would like it. But tolling is important because it defines the start and the end of the class claims. In essence, tolling defines the temporal scope of the class claims. In applying 12.020 to ORCP 32.0 because we're dealing with the statute of limitations, this case was commenced on the date of service, April 29, 2005. So this case, in fact, has a commencement date of the date of service for at least the purposes of defining the class period. So, again, dealing here with the objectively reasonable basis standard, given that this case has a commencement date of the date of service, April 29, for at least that purpose for defining the class period, it's not unreasonable also to conclude that that same commencement date, the date of service, was also the date of commencement for determining whether CAFA applies. I gather you didn't make that class action tolling argument before the district court. That's correct, Your Honor. And this is an objective standard, however, that we're dealing with, not subjective. It is whether a reasonable litigant in Dollar Tree's position could have concluded that ORS 12.020 applies. And for that reason, I think the Court can consider this additional argument. Well, do we look at the argument you made in response to the motion to remand and ask whether that was objectively reasonable? Or do we ask, you know, in the scheme of things, is there some objective argument out there that some lawyer might have relied upon to base removal? I think that it's fair to consider that broader scope. And the language that I'm taking this idea that it's whether a reasonable litigant in Dollar Tree's position could reach this conclusion is from this Court's opinion in the Gardner case, which is a November 2007 case. It's 508 F. 3rd 559, I believe. And that's the analysis that this Court undertakes. It's looking at litigants. How about the district court judge? What is the district court judge supposed to do? Well, the district court judge, of course, is considering the arguments before it and I think could fairly consider any other arguments that it comes up with. But I'm not going to stand here before you today. The district court did not have that argument before it and didn't consider it. And that's just one additional overlay in response to your question about how 12.020 could possibly apply. The primary argument that Dollar Tree made was commencement's undefined. We're dealing with two commencement statutes. As I said, only one addresses the timeliness of commencement. It was a creative argument in a novel area of the law, and that is the argument that Dollar Tree made, and it wasn't objectively unreasonable. But even if it were, even if that is the conclusion this Court reaches, there is an additional layer under Martin, and that is even if an argument or a basis for removal is not deemed to be reasonable, the Court retains its discretion to determine whether there exist unusual circumstances that nonetheless warrant a departure from the general rule. What might those be here? Well, here, those are some of the things that we've talked about. One, Dollar Tree, and the district court noted these, that Dollar Tree was raising novel issues. CAFA was a newly enacted jurisdictional statute and it's one that flips some of the jurisdictional presumptions that currently existed in the sense that it is to be construed broadly in favor of jurisdiction instead of narrowly as some other jurisdictional statutes are considered. There was no control in case law on the meaning of commencement. There was no case law addressing the interplay of Oregon's two commencement statutes in connection with a newly enacted statute, and particularly a newly enacted federal jurisdictional statute. So it's this backdrop against this backdrop that Dollar Tree is operating, and those are the types of unusual circumstances that the district court, viewing this whole situation, can, in its reasoned and sound discretion, determine warrant a denial of fees. Okay. Thank you, Mr. Koch. Thank you. I think counsel is incorrect about CAFA flipping the standard in terms of jurisdiction. As far as I read the case law from this circuit and others, jurisdiction is still to be construed in the same way as it always has been. CAFA did expand it, but in terms of individual cases determining whether or not the jurisdiction applies, the presumption is still against jurisdiction attaching as opposed to assuming that it would. So I believe that counsel may be incorrect in that assumption. In terms of the state law, the Court is quite correct that there was no issue about whether or not we were looking to state law to determine when the action commenced. It all turned upon which statute one should look at. Under Oregon law, what are the areas that you're worried about when an action commences other than the statute of limitations? Well, that's the obvious one that one looks at from a bunch of, from most perspectives. But obviously a case has to commence somewhere. And in terms of dealing with cases, the Court assigns timelines and schedules and so on based on the date of filing, for example. There's rules that apply, the things you have to do within certain time periods and so on. All of which would be the date of filing, not the date of service. Well, certainly for the defendant to respond to the complaint would be the date of service. So I'm still trying to get a sense of what are the reasons or the areas where you're concerned about a commencement date other than for the statute of limitations. If you understand where I'm coming from, I'm trying to understand how reasonable or unreasonable the decision was to rely on the statute of limitations statute to argue the action commenced at the later date. The argument that was made, in essence, was that CAFA is a form of statute of limitations, which really is not a very reasonable argument in terms of the law. But can you point me to any area, any procedure, any action other than the statute of limitations where you're concerned under Oregon law for commencement of an action? I'm sorry if I'm not understanding where you're trying to do that. I mean, the rule says what it says. It says when an action commences. And from the perspective of the courts, obviously there has to be a commencement date. And, I mean, in terms of everyday practice, that does matter a great deal in Oregon. For example, there's a general rule that cases have to, civil cases have to be tried within one year, et cetera. So I suppose that might be an area of concern. I'm not quite sure how to answer your question because, really, I'm sure I'm not thinking of all kinds of things that are perfect, obvious to everyone sitting behind me. But it's the best I could do. Thank you. Okay. Thank you, counsel. The matter just argued will be submitted.
judges: Rymer, Paez, Carney